UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



FILED
U.S. DIST COURT
MIDDLE DIST OF LA.

'01 JAN -5 PM 2: 22

S GN _____
by DEPU. CLERK

|  |  |
|---|---|
| JOHANNA LANDRENEAU AND KEVIN LANDRENEAU, on behalf of themselves and all others similarly situated, ) ) ) ) | Civil Action No. 01 - 26 - B- M1 |
| Plaintiff, ) ) | JURY TRIAL DEMANDED |
| v. ) ) |  |
| FLEET FINANCIAL GROUP AND FLEET BANK (RI) NATIONAL ASSOCIATION, A SUBSIDIARY OF FLEET FINANCIAL GROUP, INC., FLEET CREDIT CARD, LLC. ) ) ) ) ) |  |
| Defendant. |  |

## CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiffs bring this action in their individual capacity and on behalf of the Class

defined below, and for the Complaint alleges upon knowledge as to themselves, and otherwise

upon information and belief, as follows:

1.

Fleet Bank (RI) National Association (hereinafter sometimes referred to as

"Fleet"), a subsidiary of Fleet Financial Group and/or Fleet Credit Card, LLC has established and

purchased from other banks VISA credit card accounts. Fleet has developed and aggressively

-1-

| INITIALS | DOCKET# |
|---|---|
| | 1 |

PS, Summons

marketed VISA and other credit cards to consumers throughout the United States and throughout the world. As part of its marketing policy and credit card accounts, Fleet issues a Cardholder Agreement after each credit card is issued to a consumer. The policies and procedures contained in the Cardholder Agreement differ materially from the policies and procedures used by Fleet in Fleet's application of payments to consumer accounts and the charging of late fees and over the limit fees, which said policies and procedures are deceptive and misleading to consumers. Members of the Class holding VISA credit cards issued and/or serviced by Fleet have suffered significant damages as a result of breaches of contract and fiduciary duties and knowing, intentional, deceptive and misleading conduct, actions, policies, and procedures of Fleet as described below.

## VENUE

2.

Venue for this action properly lies in the United States District Court for the Middle District of Louisiana pursuant to 28 USC § 1332 as the named Plaintiffs, Kevin P. Landreneau and Johanna Landreneau, reside in East Baton Rouge, Louisiana and Defendant has issued credit cards, solicited consumers, and engaged in business in Louisiana and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## PARTIES

3.

Plaintiffs, Kevin P. Landreneau and Johanna Landreneau (hereinafter collectively referred to as the "Landreneaus"), are Fleet VISA credit card holders. The Landreneaus reside and at all material times resided in the Parish of East Baton Rouge, Louisiana. The Landreneaus

-2-

are victims of the intentionally deceptive and misleading billing practices of Fleet during the Class Period defined below. Using the deceptive and misleading practices, actions, policies, and procedures described in detail below, Fleet engaged in a course of conduct of charging late fees, over the limit fees, and interest to the Landreneaus which it knew or should have known was deceptive and misleading and was contrary to and in breach of terms of its Cardholder Agreement.

4.

Defendants, **Fleet Bank (RI) National Association** is a national banking association and a subsidiary of **Fleet Financial Group, Inc.** with its principal executive office located in Rhode Island and licensed to do and doing business in Louisiana and, upon information and belief, every other state in the United States. At all times relevant to this action, Fleet engaged in the trade or commerce of offering, issuing, and servicing VISA credit card accounts in Louisiana and every other state in the United States.

Additionally, defendant, **Fleet Credit Card, LLC** was created upon the acquisition of Advanta Credit Corporation and thus liable for any negligence of Fleet Bank National Association and/or Fleet Financial Group, Inc..

**FACTS**

5.

Upon information and belief, since its inception and up to the present time, Fleet has offered, issued, and serviced VISA credit card accounts for consumers and businesses throughout this Country.

6.

Fleet is in the business of soliciting, issuing, and servicing VISA credit card accounts of consumers and businesses. Upon information and belief, Fleet purchases and/or services VISA credit card accounts opened by other banks including but not limited to those accounts held by Advanta National Bank.

7.

On a monthly basis, Fleet forwards account statements to its credit card holders. On the monthly account statements, there is a designated due date by which the consumer or card holder must make the minimum due payment or the consumer will be assessed a late fee.

8.

According to Fleet's Cardholder Agreement and the representations of Fleet employees, the minimum payment indicated on the account statement must be received on or before the due date or the account will be assessed a late fee.

9.

Fleet's Cardholder Agreement does not include any provisions that advise consumers holding Fleet VISA credit cards that Fleet will set weekends and holidays as due dates making the consumer unable to comply with the terms of the Cardholder Agreement.

10.

Fleet's Cardholder Agreement does not include any provisions that advise consumers holding Fleet VISA credit cards that payments received after 9:00 AM on the due date will be credited to the next business day and will be treated as received late and a late fee charged.

-4-

11.

Fleet's Cardholder Agreement does not include any provisions that advise consumers holding Fleet VISA credit cards that its business days are Monday through Friday and weekends and holidays are considered non-business days. Further, payments received on a non-business day will be credited to the next business day and will be treated as late and a late fee charged if the due date was on a non-business day.

12.

Fleet's Cardholder Agreement does not include any provisions that advise consumers holding Fleet VISA credit cards that late fees will be charged first and, thereafter, if the account balance is in excess of the total credit limit after adding the late fee, an over the limit fee will be charged to the account balance.

13.

Fleet's Cardholder Agreement does not include any provisions that advise consumers holding Fleet VISA credit cards that late fees and over the limit fees will be assessed interest and/or finance charges.

14.

Fleet failed to advise its VISA credit card holders that it had increased its late fees, over the limit fees, and Nominal Annual Percentage Rate prior to charging such increased fees and interest to consumers holding Fleet Visa credit cards thereby depriving card holders of the right and ability to pay the balance owed and/or avoid the additional charges for late fees and over the limit fees.

15.

Fleet intentionally and/or negligently deceived and mislead the consumers and businesses

-5-

issued and holding Fleet VISA credit cards by Fleets intentional and/or negligent failure to provide to its credit card holders the information described in paragraphs 8 through 14.

16.

Fleet intentionally and/or negligently deceived and mislead its VISA credit card holders by forwarding account statements with due dates that fell on non-business days, including but not limited to weekends and holidays, when Fleet knew that its offices were closed on the due dates and payments made on the due dates would not be credited until after the due date and a late fee would be charged.

17.

Fleet intentionally and/or negligently deceived and mislead its VISA credit card holders by charging late fees on accounts that had due dates intentionally and/or negligently set by Fleet on non-business days.

18.

Fleet intentionally and/or negligently deceived and mislead its VISA credit card holders by intentionally charging late fees to cardholders' account balances for payments received on the due date but after 9:00 AM on the due date.

19.

Fleet intentionally and/or negligently deceived and mislead its VISA credit card holders by forwarding account statements with due dates that fell on non-business days, including but not limited to weekends and holidays, when Fleet knew that its offices were closed on the due dates and payments made on the due dates would not be credited until the next business day after the due date and a late fee would be charged.

-6-

20.

Throughout the Class Period, Fleet concealed information from and/or engaged in deceptive and misleading trade practices and breaches of contract with the Plaintiffs and Class Members that deprived Plaintiff and Class Members of material information necessary and important to making reasonable and knowledgeable decisions regarding the management of their Fleet VISA card accounts.

21.

Fleet failed to provide Plaintiffs or Class Members with the actual contract modifications or an opportunity to consider or accept modifications to the Cardholder Agreements before Fleet charged fees, including but not limited to over the limit fees and late fees.

22.

Fleet engaged in misleading, intentional and/or negligent conduct, and breaches of contract when it charged and charges interest on interest, late fees, and over the limit fees contrary to the terms of the Cardholder Agreement and/or prior to first notifying the Plaintiffs and Class Members.

23.

As a direct and proximate result of Fleet's misleading, intentional and/or negligent statements, actions, and course of conduct and Fleet's breaches of contract, Plaintiffs and Class Members have sustained and continue to sustain substantial injuries and damages, including, but not limited to:

    a)      the payment of late fees for accounts on which Fleet set the due date for a weekend or holiday;

    b)      the payment of late fees for accounts on which Fleet collected the mail after 9:00 am on the due date;

-7-

c)     the payment of over the limit fees after invalid late fees were charged to the account thereby putting the account over the limit;

d)     the payment of late fees for accounts that were received by and/or paid to Fleet on the due date but were not credited to the cardholder's account until after the due date;

e)     the payment of late fees and over the limit fees contrary to or in violation of the terms of the Cardholder Agreement;

f)     the payment of late fees and over the limit fees upon which there was no agreement between the cardholders and Fleet;

g)     the payment of interest on late fees and over the limit fees contrary to any written agreements with Fleet and causing an increase in the agreed upon interest rates in the Cardholder Agreements;

h)     the payment of unnecessary fees, costs, interest and other charges; and

i)     damage to the cardholders credit and credit reports caused by the forgoing actions of Fleet.

24.

Plaintiffs and Class members have suffered and will suffer immediate and irreparable harm as a direct and proximate result of the wrongful conduct alleged herein. Class Members have lost or face the prospect of losing hundreds of millions of dollars in as a result of the foregoing wrongful conduct of Fleet. Likewise, Plaintiffs and Class Members have been and will be forced to pay millions of dollars in late fees, over the limit fees, and other fees and interest.

-8-

25.

Many Class Members are without financial means or will incur increased debt and liability as a result of Fleet's past and current conduct, policies, and procedures. Without the equitable and injunctive relief sought herein, Class Members will continue to suffer irreparable harm.

26.

### Kevin and Johanna Landreneau

Upon information and belief, Plaintiffs, the Landreneaus, believe that they initially entered into a credit card agreement with Advanta National Bank for the issuance of a VISA credit card. The credit card account was eventually purchased by Fleet. Plaintiffs did not sign any modifications of their original application for a credit card with Advanta and did not receive any requests from Fleet to sign any modifications of its original application for the VISA credit card.

27.

At some point after purchasing the credit card account from Advanta, Fleet began servicing the Landreneaus' VISA credit card account. The Plaintiffs do not recall receiving any notification from Fleet of any changes to the original agreements contained in the original application given to Advanta for the credit card. Specifically, there were no notification of changes in the interest rates and/or the late fees and over the limit fees.

28.

In or about May of 1999, Plaintiffs noted that on the monthly statement from Fleet the interest rate on their Fleet VISA card had increased, interest was being indicated as purchases, interest was being

-9-

charged on interest, late fees, and over the limit fees, late fees were being added to the account to put the account over the limit then over the limit fees were being charged, and due dates were being set for the weekend and holidays.

29.

The plaintiffs forwarded correspondence to Fleet requesting an explanation and a copy of the Cardholder Agreement signed and agreed upon by the Plaintiffs upon which Fleet was engaging in such conduct and requesting that Fleet desist in such practices. Fleet responded on or about June 29, 2000 by forwarding an insert with contract modifications indicating that Fleet had purchased and began servicing the Plaintiffs' Advanta VISA card account in or about September of 1998. On June 29, 1999, Fleet also forwarded correspondence to Plaintiffs suggesting that Fleet would be servicing the Plaintiffs Advanta VISA credit card account in October.

30.

The insert sent by Fleet to Plaintiffs provided in pertinent part at paragraph J. as follows:

> Your Minimum Payment, due by the date shown on your monthly statement,
> will be either $10 or an amount determined in the manner set forthe below, . . .

31.

The monthly statements list a due date which may be on any day of the week including weekends and holidays. The due date on the monthly statement does not contain any notations that would suggest that there are conditions to the due date and does not direct the card holder to examine any restrictions to the due date.

-10-

32.

Fleet encloses with each of its monthly statement an envelope to encourage payment by mail. There is no contractual language or notations on the monthly statement to advise or call to the Plaintiffs' attention that the payment must be received by Fleet on or prior to the due date rather than mailed by the Plaintiffs on or prior to the due date.

33.

After examining past and current monthly credit card statements, Plaintiffs became aware that due dates were being set on weekends and holidays by Fleet in its monthly VISA credit card statements sent to Plaintiffs. Plaintiffs also noted that they were being charged late fees on payments mailed prior to the due date and on payments credited after due dates that fell on a weekend.

34.

After examining past and current monthly credit card statements, Plaintiffs also became aware that Fleet engaged in a course of conduct or had in place policies and procedures that were contrary to, violated, and were not part of the terms of the Cardholder Agreement which said conduct, policies, and procedures allowed for the charging of a late fee, then the imposition of an over the limit fee if the late fee put the account over the credit limit.

35.

After examining past and current monthly credit card statements, Plaintiffs became aware that Fleet was violating and breaching the terms of the Cardholder Agreement by engaging in a course of conduct and utilizing policies and procedures that were contrary to the terms and conditions of the Cardholder Agreement.

-11-

36.

After examining past and current monthly credit card statements, Plaintiffs became aware that Fleet intentionally and/or negligently mislead Plaintiffs into believing that the payments on the account were to be mailed and/or received by the due date to be considered by Fleet as current.

37.

After examining the Cardholder Agreement and correspondence from Fleet, Plaintiffs became aware that Fleet intentionally and/or negligently mislead Plaintiffs into believing that the payments on the account were to be received by Fleet by the due date to be considered by Fleet as current.

38.

After examining past and current monthly credit card statements, Plaintiffs became aware that Fleet breached its Cardholder Agreement by charging late fees on payments received on the due date and by imposing restrictions on the time of day by which a payment was to be received in the post office box of Fleet on the due date all of which said limitations and restrictions were contrary to the terms and conditions of the Cardholder Agreement.

39.

As a direct result of Fleet's breaches of contract, unfair and deceptive policies and procedures, and intentional and/or negligent conduct, Plaintiffs have suffered damages which include but are not limited to excess and unnecessary charges of late fees, over the limit fees, and interest and excess and unnecessary increases of the amounts owed on the Fleet credit card account.

-12-

## CLASS ACTION ALLEGATIONS

### 40.

Plaintiffs bring this case on behalf of themselves and on behalf of all persons or entities who hold or have held VISA credit cards issued by Fleet in, and who reside in, all of he states of the United States from 1990 to the present inclusive (the "Class Period"), excluding any Class Member who timely elects to be excluded from the Class (the "Class"). Plaintiffs allege that all such Class Members were damaged or sustained injury in fact as a proximate cause and result of Fleet's breaches of contract, deceptive and unfair polices and procedures, and intentional and/or negligent course of conduct all as alleged herein.

### 41.

Throughout the Class Period, and as of the present date, Fleet had and has the administrative ability through its computer system and other records to identify all Members of the Class.

### 42.

This action is properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure for the following reasons.

### 43.

Membership in the Class is so numerous as to make it impractical to bring all Class Members before the Court. The exact number of Class Members is unknown, but can be determined from Fleet's computerized and other records. Plaintiffs reasonably estimate and believe that there are thousands of persons in the Class. Although Plaintiffs do not presently know the names of all Class Members, their identities and addresses can be readily ascertained from Fleet's records.

-13-

44.

The Plaintiffs are members of the Class described herein. In reliance upon Fleet's representations, Cardholder Agreement, and monthly statement due date, Plaintiffs made purchases and payments on its Fleet VISA credit card account from 1998 through current.

45.

There are numerous and substantial questions of law and fact common to all of the Members of the Class that control this litigation and that predominate over any individual issues. Upon information and belief, Fleet's Cardholder Agreement, policies and procedures, and course of conduct with reference to the charging of late fees, over the limit fees, and interest on the Fleet VISA credit card accounts were centrally determined and controlled by Fleet through its office in Wilmington, Delaware. The common questions raised by Plaintiffs' claims include:

a.  whether Fleet breached its Cardholder Agreement when it established policies and procedures and a course of conduct of charging late fees for payments on accounts received on the due date but after 9:00 am;

b.  whether Fleet breached its Cardholder Agreement when it established policies and procedures and a course of conduct of charging over the limit fees on accounts after the late fee charges charged to the account put the account over the credit limit;

c.  whether Fleet breached its Cardholder Agreement when it established policies and procedures and a course of conduct of charging late fees for payments on accounts where the due date was set for a weekend or holiday;

d.  whether Fleet breached its Cardholder Agreement and/or engaged in intentional and/or deceptive conduct, acts and practices when it established due dates on weekends and holidays when it knew that its offices were closed on those days;

-14-

e. whether Fleet breached its Cardholder Agreement and/or engaged in intentional and/or deceptive conduct, acts and practices when it charged late fees on accounts on which it established due dates on weekends and holidays when it knew that its offices were closed on those days;

f. whether Fleet breached its Cardholder Agreement and/or engaged in intentional and/or deceptive conduct, acts and practices when it charged interest on late fees, over the limit fees, and interest;

g. whether Fleet breached its Cardholder Agreement and/or engaged in intentional and/or deceptive conduct, acts and practices when it listed interest as purchases on the monthly credit card statements to the Fleet VISA credit card holders;

h. whether Fleet intentionally, negligently, and/or deceptively concealed the late fee provisions, policies and procedures as they applied to the due date on each credit card account;

i. whether Fleet intentionally, negligently, and/or deceptively concealed the material consequences of the card holder's failure to pay the minimum payment due by 9:00 am on the due date;

j. whether the Class is entitled to rescission, or alternatively damages, injunctive relief, or other equitable relief against Fleet;

k. whether the Class is entitled to punitive damages from Fleet;

l. whether Plaintiff and other Members of the Class are entitled to a class-wide inference, presumption and/or proof of reliance in those claims for which reliance is an element;

m. whether the equitable tolling and/or fraudulent concealment doctrines apply to preserve the claims of the Class Members they may have prescribed.

46.

Plaintiff's claims are typical of those of the Class. Fleet purchased and/or issued a

VISA credit card to and established an account for Plaintiffs using a Cardholder Agreement and

forwarded to Plaintiffs and all Class members a monthly Fleet VISA credit card statement, all of

-15-

which contained virtually identical language. Thus, Plaintiffs and all Class Members have suffered identical or similar damages as a result of the issuance and use of a Fleet VISA credit card and the breaches of contract, intentional, negligent, and/or deceptive policies and procedures, and course of conduct of Fleet. By engaging in a course of conduct, establishing intentional and deceptive policies and procedures, and failing to disclose and intentionally concealing material facts all of which were a breach of the Cardholder Agreement, Fleet profited from the charging of late fees, over the limit fees and interest on late fees, over the limit fees, and interest paid by Plaintiffs, and Class members, who were all unaware and deceived by Fleet's conduct.

47.

Plaintiffs have no interest adverse to those of Members of the Class. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of class actions and complex litigation.

48.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of the class is impracticable. Even if individual class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Fleet has subjected the entire class to the same breaches of contract, and intentional, negligent and/or deceptive conduct, acts, practices, policies, and procedures.

49.

Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Fleet's uniform breaches of contract, and intentional, negligent and/or

-16-

deceptive conduct, acts, practices, policies, and procedures predominate over individual issues, and class certification is a superior method of resolving those claims.

## FIRST COUNT

### Breach of Contract

50.

Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

51.

The Fleet Cardholder Agreement, which upon representations by Fleet governs the Fleet VISA credit card accounts of the Plaintiffs and Class Members, is a contract and, as a contract, implies the duty of good faith and fair dealing. Fleet breached this duty to the Plaintiffs and Class Members by establishing policies and procedures and engaging in a course of conduct contrary to the Cardholder Agreement when it set due date deadlines and charged late fees contrary to the contract terms.

52.

Fleet knowingly, intentionally, negligently and/or deceptively breached the Cardholder Agreement by establishing payment due dates on weekends and holidays and payment due date times in the monthly account statements for the Plaintiffs and Class Members which violated and were contrary to the due date terms and conditions in the Cardholder Agreement.

53.

Fleet knowingly, intentionally, negligently and/or deceptively breached the Cardholder

-17-

Agreement by charging late fees to the Plaintiffs and Class Members which violated and were contrary to the late fee terms and conditions in the Cardholder Agreement.

54.

Fleet knowingly and intentionally concealed additional due date restrictions in the monthly credit card statements which were necessary for Plaintiffs and the Members of the Class to make an informed decision to make monthly payments and late fee charges on their Fleet VISA credit card accounts.

55.

By reason of the foregoing, Plaintiff and the Class Members have been irreparably harmed, have suffered damages, and are entitled to recover all damages suffered as a result of the above actions of Fleet, and are also entitled an injunction enjoining enforcement of the late fees, over the limit fees, and interest provisions of the Cardholder Agreement.

## SECOND COUNT

## BREACH OF FIDUCIARY DUTY/ INTENTIONAL AND DECEPTIVE
## PROCEDURES AND TRADE PRACTICES

56.

Plaintiffs repeat and reallege the allegations contained in the paragraphs above, as if fully set forth herein.

57.

Fleet owed the Plaintiffs and Class Members the highest fiduciary duties, including a

-18-

duty of good faith, a duty of full disclosure, a duty of loyalty and a duty of care arising out of its

relationship with Plaintiffs and Class Members and under the circumstances alleged herein.

58.

Fleet knew of the contents of its Cardholder Agreement and that the Plaintiffs and

Class Members relied on the superior knowledge and expertise of Fleet in handling credit card

accounts when Fleet intentionally, knowingly, and deceptively engaged in trade practices, policies,

and procedures and a course of conduct by which Fleet forwarded monthly credit card account

statements that contained due dates set for weekends and holidays knowing that its business offices

were closed on weekends and holidays.

59.

Fleet had a duty to provide complete and truthful information to Plaintiff and Class Members

when selling the policies, including, but not limited to, complying with full disclosure laws and curing

any prior misrepresentations or omissions.

60.

Fleet knew of the contents of its Cardholder Agreement and that the Plaintiffs and

Class Members relied on the superior knowledge and expertise of Fleet in handling credit card

accounts when Fleet intentionally, knowingly, and deceptively engaged in trade practices, policies,

and procedures and a course of conduct by which Fleet established a due date on the Plaintiffs' and

Class Members' monthly credit card account statements and intentionally and deceptively failed to

disclose or draw attention to the Plaintiffs and Class Members of modifications and restrictions for

payments received by Fleet on the due date.

61.

-19-

Fleet knew of the contents of its Cardholder Agreement and that the Plaintiffs and Class Members relied on the superior knowledge and expertise of Fleet in handling credit card accounts when Fleet intentionally, knowingly, and deceptively engaged in trade practices, policies, and procedures and a course of conduct by which Fleet charged late fees, over the limit fees, and interest on Plaintiffs' and Class Members' accounts for payments received after the due date on monthly credit card account statements that contained due dates set for weekends and holidays knowing that its business offices were closed on weekends and holidays.

62.

Fleet knew of the contents of its Cardholder Agreement and that the Plaintiffs and Class Members relied on the superior knowledge and expertise of Fleet in handling credit card accounts when Fleet intentionally, knowingly, and deceptively engaged in trade practices, policies, and procedures and a course of conduct by which Fleet charged late fees, over the limit fees, and interest on Plaintiffs' and Class Members' accounts for payments received after 9:00 am on the due date.

63.

As a result of Fleet breaches of fiduciary duty, duties of good faith and fair dealing, and intentional and deceptive trade practices, thus violating the Truth in Lending Act, 15 U.S.C. Sec. 1601, et seq. Plaintiffs and Class Members have been irreparably harmed and damaged in an amount to be determined at trial.

-20-

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against Fleet as follows:

A.      Determining that the action is a proper class action, certifying an appropriate plaintiff Class and appointing Plaintiff as Class representative;

B.      Finding Fleet liable under each of the legal theories pleaded above;

C.      Granting equitable and/or injunctive relief as permitted by law or equity including attaching, impounding or imposing a constructive trust upon or otherwise restricting the proceeds of Fleet's ill-gotten funds to ensure Plaintiff and Class Members have an effective remedy; reforming the credit card agreements and/or the monthly account statements; and enjoining Fleet from imposing late fees, over the limit fees, interest on late fees, over the limit fees and interest, increasing interest on accounts, and canceling credit card accounts;

D.      Ordering restitution of late fees, over the limit fees, and interest or, if such remedy is impracticable, an award of damages; as well as punitive damages;

E.      Awarding Plaintiff and Class Members their costs and disbursements incurred in connection with this action, including reasonable attorney fees, expert witness fees and other costs.

F.      Awarding Plaintiff and Class Members pre-judgment and post-judgment interest;

G.      Awarding Plantiff attorney fees pro rate for Class Members under the common fund doctrine or any other applicable law;

H.      Granting such other and further relief as the Court deems just and proper.

Case 3:01-cv-00026-FJP   Document 1   01/05/01   Page 21 of 22

## JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demands a trial by jury on all issues triable at law.

Dated: _____, 2001.

Respectfully submitted,

deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
628 St. Louis St.
Baton Rouge, LA 70802
(225) 344-3735

SCOTT H. FRUGE', LSBA 21599

AND

Johanna Landreneau, LSBA 22102
11750 Bricksome Avenue, Suite B
Baton Rouge, LA 70816-5322
Telephone: 225/293-0886

-22-